IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PETE JOE VILLEGAS, | § | |
| No.20355-179, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-10-2906 |
| | § | |
| PHILLIP GALLOWAY, *et al.*, | § | |
| Defendants. | § | |

OPINION ON DISMISSAL

Plaintiff Pete Joe Villegas, a federal inmate proceeding *pro se*, filed the pending civil rights complaint seeking compensatory and punitive damages and declaratory and injunctive relief from federal and state defendants. Plaintiff alleges that defendants conspired to violate and violated his constitutional rights with respect to an unlawful search and arrest in 2003, the prosecution of a federal criminal case from 2003 to 2007, and the revocation of his state parole in 2006. (Docket Entry No.1). For the reasons to follow, the Court will dismiss the complaint with prejudice.

Plaintiff has also filed an application to proceed *in forma pauperis* (Docket Entry No.3), which the Court will grant.

I. BACKGROUND

In October 2005, plaintiff was convicted by a federal jury of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of possession a firearm that was not registered to him in the National Firearms Registration and Transfer Records in violation of 26 U.S.C. §§ 5861(a), 5871. *United States v. Villegas*, No.4:03-cr-05238-1 (S.D. Tex. February 26, 2006) (Docket Entry No.183). Judgment was entered in February 2006. *Id.* at Docket Entry No.201. On July 25, 2007, the Fifth Circuit affirmed the

1

judgment in this criminal case. *Id.* at Docket Entries No.225, No.226. In February 2010, plaintiff filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. *United States v. Villegas*, No.4:03-cr-05238-1 (Docket Entry No.241). The § 2255 Motion is currently pending in this Court. *Id.*

In April 2006, plaintiff's parole from a prior state conviction was revoked because of the 2005 federal criminal conviction and he was transferred to state custody. (Docket Entry No.1-1, page 24). In March 2007, plaintiff sought state habeas relief from the parole revocation. (*Id.*). The Texas Court of Criminal Appeals denied plaintiff's state habeas application in December 2007. (Docket Entry No.1-1, page 24). The same month, plaintiff filed a federal habeas petition challenging the revocation of his state parole. *Villegas v. Quarterman*, Civil Action No.4:07-cv-4483 (S.D. Tex. Nov. 18, 2008). Plaintiff was paroled from state custody in August 2008. (Docket Entry No.1-1, page 24). In November 2008, plaintiff's federal habeas petition challenging the parole revocation was dismissed as moot. *Villegas v. Quarterman*, Civil Action No.4:07-cv-4483 (Docket Entry No.91). Plaintiff's appeal from the dismissal of this federal habeas petition is pending in the Fifth Circuit Court of Appeals. *Id.* at Docket Entry No.122.

## II. DISCUSSION

The Prison Litigation Reform Act requires that the district court review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the Court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§§ 1915A(b); 1915(e)(2)(B). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). A complaint may be dismissed for failure to state a claim if the plaintiff does not allege enough facts to state a claim to relief that is "plausible" on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (*Id.*).

A. Sovereign Immunity

To the extent that plaintiff seeks monetary relief from any defendant in his or her official capacity, his claims are barred by the Eleventh Amendment. A suit against government officers in their official capacities is considered to be a suit against the government itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Absent a waiver, sovereign immunity shields the federal and state governments and their agencies from suit. *See FDIC v. Meyer,* 510 U.S. 471, 475 (1994); *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144 (1993).

"Sovereign immunity is jurisdictional in nature." *Meyer*, 510 U.S. at 475. "[A] waiver of the traditional sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *United States v. Testan*, 424 U.S. 392, 399 (1976) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). Plaintiff has not alleged and the record does not reflect that either the state or federal government has waived its sovereign immunity to allow a suit such as this. Therefore, to the extent that plaintiff asserts claims against defendants in their official capacities as employees of the federal or state government, such claims are subject to dismissal for want of jurisdiction.

### B. *Heck v. Humphrey*

Plaintiff's constitutional and federal claims for monetary and equitable relief against all defendants, except those involved in the allegedly unlawful parole revocation,[1] are barred by the holding of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck* holds that to recover damages for the harm caused by actions whose unlawfulness would render a person's conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. *Id*. *Heck* bars any cause of action under § 1983 or *Bivens*, regardless of the type of relief sought, that would imply the invalidity of the plaintiff's conviction or sentence. *Kutzner v. Montgomery County*, 303 F.3d 339, 340 (5th Cir. 2002); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994) (applying *Heck* to *Bivens*-type action).

---

[1] The Fifth Circuit has extended *Heck* to proceedings that call into question the fact or duration of parole. *See Littles v. Bd. of Pardons and Paroles Div*., 68 F.3d 122, 123 (5th Cir. 1995); *McGrew v. Texas Bd. of Pardons and Paroles*, 47 F.3d 158, 161 (5th Cir. 1995). *Heck's* favorable termination requirement, however, is inapplicable to plaintiff's parole revocation claim because the claim is moot; therefore, habeas relief on such claim is unavailable under any recognized theory. *Cf.* **Error! Main Document Only.***Muhammad v. Close*, 540 U.S. 749, 754-55 (2004).

Plaintiff's claims are clearly connected to the legality of his present confinement. A favorable judgment on such claims might imply the invalidity of his federal conviction. Because his federal conviction has not been overturned or invalidated, plaintiff's claims against defendants, except for those related to his parole revocation, are barred by *Heck*.

### C. No Actionable Civil Rights Claim

Furthermore, plaintiff has not alleged facts that would support any claim under 42 U.S.C. §§ 1981, 1983, 1985, and 1988 of the Civil Rights Act of 1866, or 18 U.S.C. § 1961. Plaintiff's complaint reveals no facts that could indicate any purposeful race-based motive by any defendant that would give rise to a claim under 42 U.S.C. § 1981. *See Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 390-91 (1982). Plaintiff does not complain of a conspiracy that prevented federal actors from performing their duties as required under 42 U.S.C. § 1985(1). *See Byrant v. Military Dep't of Mississippi*, 597 F.3d 678, 687 (5th Cir. 2010). Plaintiff states no facts to show that defendants attempted to deprive him of equal protection or to obstruct justice, or that they discriminated against him because of his race, sex, or other suspect classification, which would give rise to a claim under sections 1985(2) and 1985(3). *See Ryland v. Shapiro*, 708 F.2d 967, 973 n.7 (5th Cir. 1983) (noting requirement race-based on class-based animus in claims under § 1985(2), which applies to conspiracies to obstruct justice in state courts); *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 (5th Cir. 2001) (noting requirement of race-based or class-based conspiracy for claim under § 1985(3)).

Plaintiff cannot state a claim under 42 U.S.C. § 1988 or 18 U.S.C. § 1961. Title 42 U.S.C. § 1988 authorizes the award of attorney's fees in the discretion of the court, but does not give rise to a private cause of action. *See White v. New Hampshire Dept. of Employment*

*Sec.*, 455 U.S. 445, 454 (1982). Likewise, Title 18 U.S.C. § 1961 does not state a cause of action but defines terms under Chapter 96 of the United States Code.

Moreover, plaintiff cannot pursue a § 1983 claim against defendants Lee Rosenthal, Christopher Lewis, Anthony Davis, Hazel Jones, Richard Magness, Michael Shelby, Chuck Rosenburg, Marjorie Meyers, and Richard Edward Banks because they are not state actors. *See Blessing v. Freestone*, 520 U.S. 329, 340 (1997) (stating to prevail on a section 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States). Therefore, plaintiff cannot proceed under § 1983 on any state tort claims or federal and constitutional claims against these defendants. *See Nesmith v. Taylor*, 715 F.2d 194, 195 (5th Cir. 1983).

Furthermore, plaintiff's claims under sections 1981, 1983, 1985, and 1986 against the above-named federal actors, the City of Houston, and state actors Phillip Galloway, Elizabeth Eppie, M. Todd, Pamela Hayter, Yolanda Washington, Diane Schwartz, Sandy Fletcher, Donna Green, Steve Copeland, D. Harrell, Sandra Pudifin, Micheal Zientek, M.W. Hamby, T. Civitello and his claims, if any, against above-named federal actors under *Bivens* are time-barred.[2] *See Jones v. Alcoa*, 339 F.3d 359, 364 (5th Cir. 2003) (addressing § 1981 claims and stating that "[f]ederal civil rights actions . . . lack[ing] an express statute of limitations[] are governed by the most closely analogous limitations period provided under state law"). In cases brought under § 1983 or *Bivens*, federal courts apply the forum state's general personal injury limitations, *Wallace v. Kato*, 549 U.S. 384, 386 (2007), and its coordinate tolling provisions. *Hardin v. Straub*, 490 U.S. 536 (1989). In Texas, the limitations period for personal injury claims is two

---

[2] In suits brought by prisoners, such as plaintiff, who have not paid the filing fee in advance, the defense of limitations may be raised by the court. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

years.  TEX. CIV. PRAC. & REM. CODE ANN. § 16.003; *Spotts v. U.S.*, 613 F.3d 559, 573 (5th Cir. 2010).

Under federal law, a claim accrues and the limitations period begins to run "when the plaintiff has a complete and present cause of action." *Wallace*, 549 U.S. at 388; *Spotts*, 613 F.3d at 574 (noting limitations begins to run the moment the plaintiff becomes aware that he has suffered any injury or has sufficient information to know that he has been injured).  Plaintiff's claims in this case accrued from 2003 to 2007, more than two years before plaintiff executed his complaint on August 4, 2010, and filed it on August 11, 2010.  Therefore, plaintiff's federal civil rights claims against all defendants are time-barred.

### III. CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Plaintiff's application to proceed as a pauper (Docket Entry No.3) is GRANTED.  The plaintiff is not assessed an initial partial filing fee because he lacks the requisite funds.  Plaintiff shall pay the $350.00 filing fee in periodic installments as required by 28 U.S.C. § 1915(b).  The agency having custody of plaintiff shall collect twenty (20) per cent of any deposit to plaintiff's trust account and forward it to the Court on a regular basis whenever plaintiff's inmate trust fund account exceeds $10.00, until the $350.00 filing fee has been paid in full.

2. Plaintiff's complaint is DISMISSED, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. All other pending motions are DENIED.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville,

Texas 77342-0629, Fax: 936-437-4793; and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-strikes List.

    SIGNED at Houston, Texas, this 4th day of November, 2010.

                                                  MELINDA HARMON
                                       UNITED STATES DISTRICT JUDGE